1
2
3
4
5
6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8  **Charles Robert Adams,**                )
                                            )
9              **Petitioner,**              )   **CIV 13-01782 PHX ROS (MEA)**
                                            )
10             **v.**                       )   **REPORT AND RECOMMENDATION**
                                            )
11 **Charles L. Ryan, et al.,**             )
                                            )
12             **Respondents.**             )
                                            )
13 _____ )

14 **TO THE HONORABLE ROSLYN O. SILVER:**

15            Petitioner, proceeding pro se, filed a petition for

16 writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about

17 August 29, 2013.  Respondents filed a Limited Answer to First

18 Amended Petition for Writ of Habeas Corpus ("Answer") (Doc. 14)

19 on January 29, 2014. Any reply to the answer to the petition was

20 due on or about March 1, 2014.  The matter was reassigned to the

21 undersigned magistrate judge on June 30, 2014.

22            **I Procedural History**

23            A Maricopa County grand jury indictment returned May 3,

24 2005, charged Petitioner with two counts of sexual conduct with

25 a minor, class 2 felonies and dangerous crimes against children

26 (Counts 1 and 2), and one count of child abuse, a class 2 felony

27 and dangerous crime against children (Count 3).  See Answer,

28 Exh. B.  The indictment alleged that, on or between January 1,

2004, and November 18, 2004, Petitioner sexually abused and endangered the person or health of A.M., a male child under the age of 15 years old, while A.M. was in Petitioner's care or custody. Id., Exh. B & Exh. M.

Counsel was appointed to represent Petitioner and the case proceeded to trial. See id., Exh. C. At the conclusion of the state's case, the trial court granted Petitioner's motion for a directed verdict as to Count 1 and dismissed this charge. Id., Exh. D. At the conclusion of the five-day trial, the jury convicted Petitioner of Counts 2 and 3, which had been renumbered as Counts 1 and 2. Id., Exh. E. On June 27, 2006, pursuant to these convictions, Petitioner was sentenced to a term of life imprisonment with no possibility of parole for thirty-five years (Petitioner was forty years old at the time of sentencing) pursuant to his conviction on Count 1 and to a consecutive term of seventeen years imprisonment pursuant to his conviction on Count 2. Id., Exh. F.

Petitioner took a timely direct appeal of his convictions and sentences. Id., Exh. H. On August 24, 2007, Petitioner's appointed appellate counsel filed an opening brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he had thoroughly reviewed the record and found no appealable question of law. Id., Exh. I. Petitioner's counsel filed a motion for leave to allow Petitioner to file a supplemental brief on his own behalf. Id., Exh. J. On August 29, 2007, the Arizona Court of Appeals granted the motion and provided a deadline of October 15, 2007, for Petitioner to file

a supplemental brief. <u>Id.</u>, Exh. K.   On August 31, 2007, Petitioner's counsel sent Petitioner a copy of all records on appeal.   <u>Id.</u>, Exh. L. Petitioner did not file a supplemental brief.  <u>Id.</u>, Exh. M.

On March 25, 2008, the Arizona Court of Appeals issued a memorandum decision affirming Petitioner's convictions and sentences.  <u>Id.</u>, Exh M.   On March 26, 2008, Petitioner's appointed appellate counsel sent Petitioner a letter informing Petitioner that counsel had reviewed the Arizona Court of Appeals' decision and he concluded that there was no reasonable probability that the Arizona Supreme Court would review his case.  <u>Id.</u>, Exh.  N.   Counsel advised Petitioner that, if Petitioner wished to seek review on his own he was required to file a petition for review within thirty days of March 25, 2008. <u>Id.</u>, Exh. N.  Petitioner did not file a petition for review and on May 12, 2008, the Arizona Court of Appeals issued an order and mandate.  <u>Id.</u>, Exh. O.

On May 29, 2008, Petitioner initiated an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. <u>Id.</u>, Exh. P. On June 11, 2008, the state trial court appointed counsel to represent Petitioner in his Rule 32 action. <u>Id.</u>, Exh. Q.  On September 4, 2008, counsel filed a notice of completion of post-conviction review, finding no colorable claims to be raised on Petitioner's behalf, and requesting an extension of time for Petitioner to file a pro per Rule 32 petition. <u>Id.</u>, Exh. R. On December 12, 2008, Petitioner filed a pro per PCR petition, arguing that:

-3-

1
2
    (1) the trial court violated Arizona Rules of Evidence, Rule 403 by granting the State's motion pursuant to Rule 404(c) and denying the motion pursuant to 404(b);

3
4
5
    (2) the court should provide some type of case law that would allow the trial court to dismiss the charges against Petitioner when the victim fails to make an in-court identification of Petitioner;

6
7
8
    (3) the judge was biased or erred for not allowing an answer to a question of whether there was a confession from Petitioner, and instead sustaining the hearsay objection to the question; and

9
10
11
12
    (4) his trial counsel was ineffective when he failed to "see the special action, [regarding the 404(b) and 404(c) motion filed by the prosecutor,] through to the court of appeal for them to make a ruling" and when he failed to file a motion in limine "to resolve the issue of hearsay evidence being admissible at trial." (Exh. S.)

13 Id. at 4-5.

14   On June 30, 2009, the state trial court denied relief,

15 finding Petitioner's first three claims precluded by Rule

16 32.2(a)(3) of the Arizona Rules of Criminal Procedure and

17 finding Plaintiff had failed to raise a colorable claim for

18 relief on his fourth claim, ineffective assistance of counsel.

19 Id., Exh. W. Petitioner did not seek review by the Arizona

20 Court of Appeals.

21   On September 2, 2009, Petitioner filed a second post-

22 conviction petition, docketing the same petition he had filed on

23 December 12, 2008, but changing the date to August 24, 2009, and

24 adding two documents to the end of the exhibits. Id., Exh. X.

25 This petition was dismissed on February 22, 2010, "[b]ecause

26 [Petitioner] raised the claim of ineffective assistance of

27 counsel in his of-right PCR and that claim was adjudicated,

28          -4-

Defendant's repetitive claim of ineffective assistance of counsel is precluded." _Id._, Exhs. Y & Z.  The trial court further found that Petitioner had "raised no other claim falling within any of the exceptions for a successive PCR." _Id._, Exh. Z. Petitioner did not seek review of this decision by the Arizona Court of Appeals. _Id._, Exhs. HH, II, JJ.

On August 12, 2010, Petitioner docketed a third Rule 32 petition, arguing that the state engaged in vindictive prosecution when it introduced unlawful testimony at trial. _Id._, Exh. AA. The petition was dismissed on September 3, 2010, the state court finding the petition was untimely and that "an untimely notice may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h). Ariz. R. Crim. P. 32.4(a)," and Petitioner "fails to state a claim for which relief can be granted in an untimely Rule 32 proceeding. Rule 32.4(a)." _Id._, Exh. BB & Exh. CC. On October 12, 2010, Petitioner filed a petition for review with the Arizona Court of Appeals, which was dismissed as untimely. _Id._, Exhs. DD & JJ.

On January 28, 2013, Petitioner filed a fourth state post-conviction petition, arguing that his conviction and sentence were obtained in violation of his constitutional rights because he was coerced by the judge and that his prison sentence exceeded the maximum authorized by law. _Id._, Exh. EE.  The petition was dismissed on February 13, 2013, as untimely and successive. _Id._, Exhs. FF & GG.  Petitioner did not file a petition for review by the Arizona Court of Appeals.

-5-

On August 29, 2013, Petitioner filed the instant habeas petition in this Court.

> (1) Petitioner alleges that his Fifth, Sixth, Eighth, and Fourteenth Amendments rights were violated by various rulings of the trial court;
> (2) Petitioner alleges that his Fifth, Sixth, Eighth, and Fourteenth Amendments rights were violated by consideration of a pending Pinal County criminal case to enhance Petitioner's sentence;
> (3) Petitioner alleges that his Fifth, Sixth, Eighth, and Fourteenth Amendments rights were violated by the admission of unreliable evidence; and
> (4) Petitioner alleges that his Fifth, Sixth, Eighth, and Fourteenth Amendments rights were violated where the court never ruled on his motion to dismiss.

See Doc. 1 & Doc. 8.

**II Analysis**

**Statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of

a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim."   28 U.S.C. § 2244(d)(2).   <u>See</u> <u>also</u>, <u>e.g.</u>, <u>Artuz v. Bennet</u>, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); <u>Harris v. Carter</u>, 515 F.3d 1051, 1053 (9th Cir. 2008).

At the conclusion of Petitioner's direct appeal, Petitioner filed a state action for Rule 32 post-conviction relief, which tolled the running of the one-year statute of limitations.   The statute of limitations began to run on July 30, 2009, when the time expired for seeking review of the trial court's decision dismissing Petitioner's Rule 32 action by the Arizona Court of Appeals.   Accordingly, the statute of limitations expired on July 29, 2010, and Petitioner's federal habeas action, filed in 2013, is not timely.   None of Petitioner's subsequent actions for state post-conviction relief tolled the statute of limitations because none of these actions were "properly filed"; the trial court dismissed the proceedings because the petitions were each untimely and Arizona procedural criminal law precluded the claims.   <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414, 125 S. Ct. 1807, 1812 (2005); <u>Allen v. Siebert</u>, 552 U.S. 3, 5–7, 128 S. Ct. 2 (2007) (holding that the <u>Pace</u> rule applies even where there are exceptions to the state-court filing deadlines, and reaffirming that a state court's rejection of a petition as untimely is "the end of the matter"); <u>Zepeda v. Walker</u>, 581 F.3d 1013, 1018 (9th Cir. 2009) (rejecting contention that state must prove that rules concerning time bars are "firmly established and regularly followed before

-7-

noncompliance will render a petition improperly filed for AEDPA tolling").

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 130 S. Ct. 2549, 2554, 2562 (2010); Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005). See also Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir. 2009). In Holland the Supreme Court eschewed a "mechanical rule" for determining extraordinary circumstances, while endorsing a flexible, "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance." Bills, 628 F.3d at 1096-97.

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Porter, 620 F.3d at 959; Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir.

-8-

2003), modified on other grounds by 447 F.3d 1165 (9th Cir.
2006).  Equitable tolling is only appropriate when external
forces, rather than a petitioner's lack of diligence, account
for the failure to file a timely habeas action.  See Chaffer,
592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v.
Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling
is also available if the petitioner establishes their actual
innocence of the crimes of conviction.  See Lee v. Lampert, 653
F.3d 929, 933-34 (9th Cir. 2011).

Equitable tolling is to be rarely granted.  See, e.g.,
Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784,
789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th
Cir. 2000).  Equitable tolling is inappropriate in most cases
and "the threshold necessary to trigger equitable tolling [under
AEDPA] is very high, lest the exceptions swallow the rule."
Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).
Petitioner must show that "the extraordinary circumstances were
the cause of his untimeliness and that the extraordinary
circumstances made it impossible to file a petition on time."
Porter, 620 F.3d at 959.  It is Petitioner's burden to establish
that equitable tolling is warranted in his case.  See, e.g.,
Porter, 620 F.3d at 959; Espinoza Matthews v. California, 432
F.3d 1021, 1026 (9th Cir. 2004); Gaston, 417 F.3d at 1034.

Petitioner has not filed a reply to Respondents'
assertion that his petition is time-barred.

Petitioner has not stated an adequate basis for
equitable tolling of the statute of limitations.  Compare

-9-

Holland, 130 S. Ct. at 2564; Porter, 620 F.3d at 961 (noting the circumstances of cases determined before and after Holland). A petitioner's pro se status, ignorance of the law, and lack of legal representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). The vicissitudes of prison life are not "extraordinary" circumstances that make it impossible to file a timely habeas petition. See, e.g., Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

The Ninth Circuit Court of Appeals has held that a petitioner is entitled to tolling of the statute of limitations if they can establish that they are actually innocent of the crimes of conviction. See Lee, 653 F.3d at 934. The petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 938. Petitioner has not made a showing of any new evidence. Accordingly, Petitioner is not entitled to tolling of the statute of limitations based on the theory of actual innocence.

Because the habeas action was not filed within the statute of limitations and Petitioner has not stated a proper basis for equitable tolling of the statute of limitations, the Court need not consider the merits of his claims.

### III Conclusion

Petitioner did not file the habeas petition within one year of the date his state conviction became final. Petitioner has not established that he is entitled to equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED that** Mr. Adams' Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114,

1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 1st day of July, 2014.

_____

Mark E. Aspey
United States Magistrate Judge

-12-